# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

_____

| | | |
|---|---|---|
| William E. Singleton, #276559 | ) | C/A No. 4:09-753-JFA-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Jonathan Ozmint; | ) | |
| State of South Carolina; | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

Petitioner, William E. Singleton ("Petitioner/Singleton"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 27, 2009. Respondent filed a motion for summary judgment on August 17, 2009, along with supporting memorandum. The undersigned issued an order filed August 18, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on December 11, 2009. Respondent filed an amended return and memorandum asserting that additional issues were not sufficiently raised as there were not sufficiently identified in the habeas petition. (Doc. #44, p. 2-3). Respondent states "On December 10, 2005, Respondents received a document from Petitioner in

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

which Petitioner claims that Respondents did not address addition[al] issues raised in the original petition in their August 17, 2009, return. According to Pacer entries reviewed today, the Response in Opposition has not yet been filed. Having reviewed the original petition, and out of an abundance of caution, Respondents now amend their return and memorandum of Law. . . ."  (See Doc. #44, p. 1). Thereafter,  the undersigned issued a second Roseboro Order on December 15, 2009. On December 11, 2009,  Petitioner filed a response to the motion for summary judgment and a motion for summary judgment.  (Docs.#41 & #42).

## I.  PROCEDURAL HISTORY

There has been no significant opposition filed to the procedural history as set out by the Respondent, other than the issue presented in this petition. In documents filed by Petitioner, he "adopts" the procedural history set forth by Respondent. Therefore, the undisputed procedural history as set out in Respondent's memorandum will be discussed below.

Petitioner is currently incarcerated in Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court of Richland County. Petitioner was indicted in May 2004 for burglary, first degree; possession of a weapon during the commission of a violent crime; four (4) counts of armed robbery; and six (6) counts of assault and battery of high and aggravated nature. (PCR App. p. 3-4). Christopher Hart, Esq., represented Petitioner on the charges. Petitioner entered a guilty plea on the referenced charges, in exchange for the State dismissing six (6) additional counts of armed robbery and one (1) additional count of burglary first degree. (PCR App. pp. 24-25). The Honorable James Johnson heard and accepted the plea. The plea judge sentenced Petitioner to twenty-four (24) years imprisonment. (PCR

App. p. 35). Petitioner did not appeal his plea or sentence.

On April 19, 2006, Petitioner filed a post-conviction relief ("PCR") action and made the following allegations of error:

(a)     Ineffective Assistance of Counsel;

(b)     Involuntary Guilty Plea;

(c)     Constitutional violation (4th, 6th, 14th Amendments).

(PCR App. p. 39).

Charlie J. Johnson, Jr., Esq., represented Petitioner in the action. The State made its return on December 29, 2006. (PCR App. pp. 47-52). An evidentiary hearing was held September 12, 2007, before the Honorable G. Thomas Cooper. Judge Cooper issued a written order that denied relief on November 26, 2007. (PCR App. pp. 156-161). Petitioner appealed the denial of relief.

Robert M. Pachak, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a *Johnson* [1] Petition for Writ of Certiorari in the Supreme Court of South Carolina on May 22, 2008, and presented the following issue for consideration:

Whether Petitioner's guilty plea was entered voluntarily and intelligently?

(*Johnson* Petition, p. 2).

Appellant counsel also petitioned to be relieved of appointment as "[i]n his opinion seeking certiorari from the order of dismissal is without merit." (*Johnson* Petition, p. 6). The Clerk of the Supreme Court of South Carolina, by letter dated May 23, 2008, advised Petitioner of his right to file a *pro se* response. On May 28, 2008, the State filed a letter *in lieu* of a formal return. Petitioner filed a *pro se* petition on July 28, 2008. By order dated January 22, 2009, the Supreme Court of

South Carolina denied the petition for certiorari review, and, on February 9, 2009, issued the remittitur.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raised the following challenges to his conviction, quoted verbatim:

Ground One:          Ineffective Assistance of Counsel where counsel misinformed petitioner of an L.W.O.P. Life Without Parole if he went to trial; and not plead.

Supporting Facts:     After consulting with counsel about pleading options counsel informed petitioner of life with out the possibility of parole. Petitioner not sure of the requirements asked counsel, in a letter form, for advice and further explanations.

Ground Two:         Did the PCR err in not finding petitioner's plea was entered involuntarily and unintelligently?

Supporting Facts:     After being told of possible 10 yrs & 15 yrs plea(s) then the L.W.O.P; as I testified to, there was not enough time to weigh these as options on the day I was expecting to go to trial in which counsel claimed he was ready to proceed with.

Ground Three:       Whether PCR court erred in denying relief on ineffective assistance of counsel where petitioner's 4th and 6th Amendments Rights were violated.

Supporting Facts:     I contending the laws concerning the warrants are and have violated, the diligence of the affiant by falsifying signatures. Thus, petitioner' counsel was ineffective by dismissing this claim rather than preparing for an Dismissal Hearing.

Ground Four:        Did PCR err in not granting relief for ineffective assistance of counsel where counsel failed to "properly investigate" the witness(es).

Supporting Facts:     At time of arrest, I gave the name of witnesses and gave counsel information on how to locate particular witness.

Counsel search for landowner, instead of the landlord (the person who excepts rental fee(s).

(Habeas Petition, pp. 6-11).

"Additional grounds" addressed by Respondent in amended return and memorandum:

| | |
|---|---|
| Ground Five: | Did the PCR court err in failing to set forth the requirements set out in the S.C.R.CP. 52(a) and the S.C. Code § 17-27-80 in ruling on each issue properly raised under petitioner's 5th and 14th constitutional rights? |
| Supporting facts: | The PCR court did not answer petitioner's claims as presented to the court under the Grounds applied to for relief. |
| Ground Six: | Whether counsel and PCR counsel rendered ineffective assistance of counsel where "Speedy Trial" motion is pending and no Barker v. Wingo hearing held? |
| Supporting facts: | On September 27, 2004, petitioner filed an "Speedy Trial" motion, pro se, that is yet to be heard by the courts. |
| Ground Seven: | Did PCR court err in denying petitioner relief on ineffective assistance of counsel based on petitioner's constitutional right to a speedy trial under the Sixth Amendment? |
| Supporting facts: | Both counsel and PCR counsel failed to petition or motion the courts for an evidentiary hearing whereby there is an "Speedy trial" motion pending, since September 27, 2004, without being heard. |
| Ground Eight: | Did the court (PCR) err in denying relief on ineffective assistance of counsel where petitioner testified to the "cumulative effect" of counsel's representation? |
| Supporting facts: | Based on the amount of counsel's actions and lack of actions during his representation, the cumulative effect is obvious. |

(Attachment, pages 3-7).

### III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case

with respect to which he has the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-323.


## IV.  STANDARD OF REVIEW

Since Singleton filed his petition after the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.

1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--(1) resulted
> in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or (2) resulted in a decision that
> was based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in <u>Green</u>, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent
> (supreme court) which is controlling as to law and fact, then the writ
> of habeas corpus should issue; if no such controlling decision exists,
> the writ should issue only if the state court's resolution of a question
> of pure law rests upon an objectively unreasonable derivation of legal
> principles from the relevant supreme court precedents, or if its
> decision rests upon an objectively unreasonable application of
> established principles to new facts. In other words, habeas relief is
> authorized only when the state courts have decided the question by
> interpreting or applying the relevant precedent in a manner that
> reasonable jurists would all agree is unreasonable.

<u>See also</u> <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 362 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151,

156 (4th Cir. 1998); <u>Cardwell v. Greene</u>, 152 F.3d 331, 339 (4th Cir. 1998).  In <u>Williams v. Taylor</u>,

163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review

enunciated in <u>Green</u>, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. <u>See</u> <u>O'Brien v. DuBois</u>, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). <u>Wilson v. Moore</u>, 999 F. Supp. 783 (D.S.C. 1998).

## V. ARGUMENTS/FINDINGS

First, the court observes in reviewing "Petitioner's Traverse to the Answer and Opposition to Respondent's Motion for Summary Judgment" that Petitioner noted on page 14 under Grounds Three, Four and Five "[Ground is Withdrawn]" . However, this is the only notation to that regard. Therefore, out of an abundance of caution, the undersigned will address these Issues.

**Grounds One, Three, and Four**:

In Grounds One, Three, and Four, Petitioner asserts claims of ineffective assistance of counsel arguing that counsel misinformed him of a possibility of a sentence of (L.W.O.P) life without parole if he went to trial, counsel failed to prepare for a dismissal hearing on faulty arrest warrants, and that counsel failed to "properly investigate" a witness.

Petitioner submitted three affidavits from family members along with his response in opposition to summary judgment. In these affidavits, his family members assert that they were available to testify at the PCR hearing that counsel had informed Petitioner that he would receive

a ten year sentence once he entered the guilty plea but was "misdirected to the wrong courtroom by William's PCR attorney, Charlie Johnson and when corrected, the hearing had been held." (Doc. # 41).

First, the undersigned will address whether the three affidavits which Petitioner has attached to his response should be considered on federal habeas review. There is no evidence that these affidavits were presented to the Supreme Court upon appeal of the PCR decision. Ordinarily, a §2254 petition is limited to the factual record developed in state court proceedings and § 2254(e)(2) limits a petitioner's ability to present evidence in a federal habeas proceeding that was not considered by the state court. Specifically, § 2254(e)(2) provides that a petitioner may not present evidence in a federal habeas proceeding that was not considered by the state court if he "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2).

A petitioner has not failed to develop a factual basis when he sought, but was denied, the opportunity to develop facts in state court. If, however, a petitioner did not take or seek the opportunity to develop evidence in his state habeas petition related to a particular claim, he has failed to develop the factual basis of the claim in state habeas court. 28 U.S.C. § 2254(e)(2); Jant v. Burtt, 2008 WL 682510 (D.S.C. 2008). As a consequence, the court is precluded from considering new facts presented for the first time in federal habeas proceedings or granting an evidentiary hearing for the consideration. Section "2254(e)(2) is designed to restrict the development of facts in federal habeas proceedings that were not known to or considered by a state court." Id. *citing* Cardwell v. Netherland, 971 F.Supp. 997, 1011 (E.D.Va. 1997). Therefore, the petitioner's attempt to introduce the new evidence depends on whether he properly attempted to introduce the same in his state court proceedings.

Based on the record before the court, Petitioner did not seek to introduce these new affidavits in his PCR appeal. This court cannot consider the Petitioner's new evidence because he did not seek to submit it to the South Carolina courts at the appropriate time. Further, the Petitioner's claim before this court does not rely on a retroactive application of new constitutional law. 28 U.S.C. § 2254(e)(2)(A) (I). Also, the new evidence is not the type that "could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). The Petitioner had an opportunity to present all of his evidence before the state courts when critical evidence is presented for the first time in a federal habeas proceeding, it cannot be said that the petitioner has " 'fairly presented' to the state courts the 'substance' of his federal claim." <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). "To make federal habeas relief available in such circumstances would undermine the policies of comity and efficiency that underlie the exhaustion doctrine." <u>Wise v. Warden, Maryland Penitentiary</u>, 839 F.2d 1030, 1033 (4th Cir.1988). Accordingly, the undersigned will not consider these affidavits.

Respondent argues that Grounds One, Three and Four were addressed in the Order of Dismissal and raised in the pro se petition in the appeal. Therefore, Respondent asserts that these issues were properly exhausted. However, Respondent asserts that the PCR judge properly applied the standard in <u>Hill</u> to the facts presented and Petitioner is not entitled to any relief.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the

11

court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance. (Emphasis added.)

In <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." <u>See</u> <u>Williams v. Taylor</u>, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting <u>Lockhart</u>, at 369-70).

A review of the PCR transcript reveals the PCR judge concluded the following with regard to the ineffective assistance of counsel issue:

> The Applicant testified that trial counsel failed to conduct any investigation, specifically the Applicant's claim that he was only at the scene looking for a family member's trailer. The Applicant testified that a thorough investigation would also have revealed inconsistencies in the statement of the victims, and that the amount of money on the Applicant when arrested was only $3.55. The Applicant testified that trial counsel could have sought a second opinion. The Applicant testified he thought he was to receive ten or fifteen years if he were to plea, and that he was threatened with LWOP if he went to trial. The Applicant also testified that the indictments were insufficient and signed by an on-call investigator who did not have personal knowledge. The Applicant also testified during cross-examination that he pled guilty because he was guilty, but that he was coerced to plea guilty. The Applicant testified he would not have pled if he had seen the copies of the victim statements containing the fax footer from the Solicitor's Office.
>
> Trial counsel testified and presented a copy of the results of his private investigator sent to validate Applicant's claim that a family member resided in the trailer park; the results of the investigation failed to reveal any evidence of a member of Applicant's family residing at the trailer park. Trial counsel testified that the Applicant was arrested with a bracelet belonging to one of the victims in his pocket. Trial counsel testified he does not recall any LWOP discussions, nor does he remember even receiving the LWOP notice, he does recall mentioning he would be seeking ten to fifteen years in exchange for the guilty plea. Trial counsel testified that

if the Applicant would have revealed the name of the co-defendant, negotiations and investigations would have been more beneficial, instead the Applicant refused to identify the co-defendant. Trial counsel testified he met with Applicant at least ten times. Trial counsel testified it does not make sense that Applicant is claiming he would have gone to trial; they were at trial when the Applicant decided to instead plea guilty.

. . .

. . . As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed.

This Court finds Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the <u>Strickland</u> test-that plea counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of <u>Strickland</u>-that he was prejudiced by plea counsel's performance.

(Tr. 157-160).

The undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. A review of the transcript reveals that at the time of the plea hearing, the following colloquy took place after Petitioner was duly sworn:

| | |
|---|---|
| Court: | All Right. I have, I believe, a total of 12 indictments handed up. The indictments are : 04-3629, which is an ABHAN charge; 3631, which is an ABHAN charge; 3494, which is a burglary first; 3495, possession of a weapon during the commission of a violent crime; and them 3634, 35, 36, and 38, which are armed robbery charges; 3496, which is an ABHAN; 3630, and ABHAN; 3633, an ABHAN; 3632, another ABHAN. These are all state versus William Singleton. |

. . .

| | |
|---|---|
| Court: | All right. Mr. Hart, you represent Mr. Singleton; is that correct? |
| Mr. Hart: | I do, your Honor. |
| Court: | Are those the charges that you're familiar with, that you understand |

13

|            | your client has signed to enter a guilty plea on today? |
|------------|---------------------------------------------------------|
| Mr. Hart:  | It is, your honor. And I just want to make clear for the record, as you stated, there's 1 burglary first, possession of a firearm. There are 4 counts of armed robbery, and 6 counts of ABHAN. |
| Court:     | That is what I have before me. |
| Mr. Hart:  | Okay. |
| The Court: | Solicitor, Is that your understanding? |
| Ms. Cooper:| That's my understanding, your Honor. |
| The Court: | Mr. Hart, the burglary first would carry a sentence of from 15 years up to life in prison. |
|            | The weapons charge, I believe is a possible 5 year sentence. |
|            | The Assault and Battery High and Aggravated nature each would carry a possible 10 year sentence. |
|            | And the armed robbery charges would carry from 10 up to 30 years, but 10 years is the minimum, mandatory service time on those. Those would be 85 percent offenses, most serious offenses. |
|            | The Burglary charge would be classified in that same fashion, I believe. |
|            | Have you explained all that to Mr. Singleton? |
| Mr. Hart:  | I have your Honor. |
| The Court: | And in your opinion he understands these charges and the possible sentence on each one? |
| Mr. Hart:  | He does, your Honor. |

(Tr. 3-5).

The Court then proceeded to question the Petitioner as to his understanding of the charges

and the possible sentences on the 12 indictments. Petitioner stated that he understood and had no questions. The Court questioned him as follows:

> The Court: It is indicated on the paperwork that there will be no recommendation. It's not a negotiated plea. It's a straight-up plea. Is that your understanding?
>
> Petitioner: Yes, sir.
>
> Court: All right. And, Mr. Hart, is that your understanding?
>
> Mr. Hart: It is, your Honor.
>
> Court: Let me ask you, Mr. Singleton. Have there been any promises made to you, any threats been made against you by anyone to force you to plead guilty to these charges?
>
> Petitioner: No, sir.

(Tr. 6-7).

Upon being questioned, Petitioner told the court that he had enough time to discuss everything with his attorney, Mr. Hart, and he was satisfied with his representation. (Tr. 7-8). The court went over his rights to a jury trial on each of the charges and the state's burden of proof. The court also informed him that he had the right to subpoena witnesses and present any defense available to him. The court explained to him that by entering a plea of guilty he would be giving up his right to a jury trial and to confront any witnesses. Petitioner stated that he understood. (Tr. 9). Petitioner stated to the court that he was guilty of the charges that he was pleading to in court. The solicitor's office announced to the court that there was a total of three individuals involved in the case, "the defendant, the masked co-defendant, and the getaway driver." (Tr. 24). It was announced that the getaway driver and the masked co-defendant have never been apprehended, and there's been no indication as to their identity. Petitioner would not give the name or identity of the other two

individuals to the authorities. It was also announced that there were seven charges pending against Petitioner for "an armed robbery, home invasion that took place the night before this home invasion." (Tr. 24). However, she stated that "we are dismissing six counts of armed robbery and one count of burglary in the first degree dealing with that home invasion." (Tr. 25).

Plaintiff's counsel stated to the court that "I think the biggest thing that's facing Mr. Singleton right now, your honor, is if the court would sentence him to the 15 years. He's now convicted of a serious and most serious offense, which means at the age of 50 if he did not learn his lesson, he would be facing life without parole." (Tr. 33). Counsel requested that the court consider sentencing Petitioner to 15 years on all the charges and run them concurrent. The court replied as follows:

> I was trying to do some calculating while the plea was being presented. I think that Mr. Singleton–his exposure with the burglary first, of course, a possible life sentence, and with the others another 200- - and I think—45 years could be added to that because of the seriousness of these charges. His record is not the best in the world. I've seen some that are worse. But I try to take all of these things into consideration, including the nature of the offenses and what occurred and what kind of record Mr. Singleton has.
>
> . . .
>
> As to Mr. Singleton in this case, on the burglary first degree, the sentence is that he be confined to the Department of Corrections for 24 years with credit for the time served.
>
> On each armed robbery, 24 years concurrent, with credit for the time he served.
>
> 10 years on each assault and battery of a high and aggravated, with credit for the time he has served.
>
> And 5 years on the weapons charge, again, with credit for the time he has served.
>
> All of those will run concurrently.

(Tr. 34-35).

With respect to Petitioner's allegation concerning his attorney failing to locate a particular witness that he named, Petitioner did not present any witness to testify on his behalf at the PCR hearing. Further, counsel testified at the PCR hearing that he sent his private investigator to validate Petitioner's claim that a family member, his cousin, resided in the trailer park. However, after talking with the landlord, the investigator was informed that the cousin or family member never rented a trailer at that place. Thus, the results of the investigation failed to reveal any evidence of a member of applicant's family residing at the trailer park. (Tr.98).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Hill</u> and <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on Grounds One, Three, and Four.

**<u>Ground Two</u>**

In Ground Two, Petitioner asserts that the PCR court erred in not finding that his plea was involuntarily and unintelligently entered into because there was not enough time for him to weigh his options on whether to take a plea or go forward with a trial. Respondent argues that this issue was not addressed in the PCR Court's Order of Dismissal and is procedurally barred.

The undersigned finds that the issue of whether or not his plea was involuntary because he

did not have sufficient time to weigh his options was not ruled upon by the PCR court. Therefore, this issue is barred from federal review in that the issue was procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991), because it was not ruled upon by the PCR judge and the Petitioner did not obtain a ruling via a Rule 59(e) motion. Further, the Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this Court and should be dismissed. Id.; see 28 U.S.C. 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir.1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) [In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.]; Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla.1995). Furthermore, in the absence of cause and prejudice, the Petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual

innocense, Petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). In this case, Petitioner has not shown cause to overcome the procedural bar. Additionally, Petitioner entered a plea of guilty to the charges stating that he was in fact guilty. "Absent clear and convincing evidence to the contrary, [Petitioner] is bound by the representations made during his plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001)(internal quotations and citations omitted). Therefore, it is recommended that this allegation, Ground Two, be dismissed.

Respondent filed an amended return and memorandum in regard to Grounds Five, Six, Seven and Eight.

In Ground Five, Petitioner asserts that the PCR judge did not "answer Petitioner's claims as presented in the court under Grounds applied to for relief." (Petition). Respondent argues that this claim is not cognizable in federal habeas. Even if the allegation was reviewed, Respondent argues that the claim is vague and lacks specificity. Lastly, Respondent argues the claim should be summarily dismissed because Petitioner failed to raise this issue in a proper post-trial motion to the PCR court.

As this issue pertains to errors in the PCR action, this issue should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, 151 F.3d 151 (4th Cir.1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, it is recommended that Respondent's motion for summary judgment

be granted with respect to Ground Five and the issue dismissed.

In Ground Six, Petitioner asserts that PCR counsel was ineffective because counsel filed a "speedy trial" motion that was never heard by the state courts. The undersigned recommends that this issue be dismissed as "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C.A. § 2254(i) (West Supp.2001). Moreover, deficiencies in a post-conviction proceeding are not cognizable under 28 U.S.C. § 2254. Heyward v. Burtt, 2007 WL 2021888 (D.S.C. July 6, 2007) *citing* Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987); and Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). Further, a habeas court cannot grant relief based on errors occurring during state collateral review proceedings. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998). As this issue pertains to ineffective assistance of trial counsel, this issue is barred from federal review in that the issue was  procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991),  because it was raised or ruled upon by the PCR judge and the Petitioner did not obtain a ruling via a Rule 59(e) motion. Further, the Petitioner has not shown sufficient cause and prejudice to excuse the default. Accordingly, it is recommended that Respondent's motion for summary judgment be granted as to Ground Six.

In Ground Seven, Petitioner argues that ". . . the PCR court err in denying petitioner relief on ineffective assistance of counsel based on Petitioner's constitutional right to a speedy trial under the Sixth Amendment." (Petition). In Ground Eight, Petitioner argues that the PCR court erred "in denying his relief on ineffective assistance of counsel where Petitioner testified to the 'cumulative effect' of counsel's performance." (Petition).

As the issue pertains to ineffective assistance of trial counsel in Ground Seven, this

issue is barred from federal review in that the issue was procedurally defaulted in state court under Coleman v. Thompson, 501 U.S. 722, (1991), because it was not ruled upon by the PCR judge and the Petitioner did not obtain a ruling via a Rule 59(e) motion. Further, the Petitioner has not shown sufficient cause and prejudice to excuse the default.

As these issues pertain to errors in the PCR action, Grounds Seven and Eight should be dismissed. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. Wright v. Angelone, supra; Bryant v. Maryland, supra. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and Grounds Seven and Eight be dismissed as they are not cognizable claims in federal habeas.

## VI.  CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #24) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

IT IS FURTHER RECOMMENDED for the above stated reasons that Petitioner's motion for summary judgment (doc. #42) be DENIED and all outstanding motions be deemed MOOT.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
February 16, 2010                                     United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**