IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William E. Singleton, #276559, | ) | C/A No. 4:09-753-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Jonathan Ozmint; State of South Carolina; | ) | ORDER |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner William E. Singleton, a state prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation dated February 16, 2010 ("Report") and opines that the respondents' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The court granted petitioner's request for an extension of time to file his objections to the Report. On March 23, 2010, petitioner filed a twenty-five page objection memorandum stating sixteen objections [dkt. # 55], along with a motion to expand the record [dkt. # 57], and a motion for an evidentiary hearing [dkt. # 56]. For the reasons that follow, the court accepts and adopts the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Report, overrules the objections, denies the motion to expand the record and denies the motion for an evidentiary hearing.

## Factual and Procedural Background

The Report recites the factual and procedural background giving rise to this action. In brief, the petitioner is an inmate at the South Carolina Department of Corrections serving a twenty-four year sentence after having pled guilty on January 17, 2006 to first degree Burglary; Possession of a Weapon During a Violent Crime; four counts of Armed Robbery; and six counts of Assault and Battery of a High and Aggravated Nature. He did not file a direct appeal of his plea or sentence.

## The First PCR

The petitioner timely filed his first state PCR action on April 19, 2006, raising the following grounds: (1) Ineffective assistance of counsel; (2) Involuntary guilty plea; and (3) Constitutional violations (4th, 6th, and 14th Amendments). On September 12, 2007, PCR Judge G. Thomas Cooper held an evidentiary hearing with attorney Charlie Johnson, Jr. appearing on behalf of the petitioner. Judge Cooper denied the PCR relief in a written order dated November 26, 2007. In finding petitioner's testimony not credible and plea counsel's testimony credible, the court determined that petitioner failed to prove both prongs of the *Strickland* test (i.e., that his plea counsel failed to render reasonably effective assistance under prevailing professional norms and that he was prejudiced by counsel's performance). See *Strickland v. Washington*, 466 U.S. 668 (1984). The court concluded that the petitioner had not established any constitutional violations or deprivations, and thus denied and dismissed the PCR with prejudice.

In his order, Judge Cooper noted:

Except as discussed above, this Court finds that the Applicant failed to raise the remaining allegations set forth in his application at the hearing and has, thereby, waived them. As to any and all allegations that were or could have been raised in the

application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339 (1992). ...The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

(PCR App. p. 160-61).

APPEAL OF PCR DENIAL

Petitioner then appealed the denial of relief through a writ of certiorari with the South Carolina Supreme Court. Appellate Counsel Robert Pachak filed a *Johnson* petition and presented the issue of whether petitioner's guilty plea was voluntary and intelligent. *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). Petitioner was advised of his right to file a *pro se* response to the *Johnson* petition. Petitioner's *pro se* brief raised the following issues:

(1) Did the PCR court err in not making a factual ruling based upon the issues raised in the application and at the PCR hearing pursuant to Rule 52(A), SCRCP? Petitioner claimed that the PCR court failed to make factual findings in the order regarding the issues raised of constitutional violations; arrest warrants; speedy trial motion; cumulative effect of counsel's ineffectiveness; and the involuntariness of petitioner's guilty plea.

(2) Did trial counsel and PCR counsel render ineffective assistance of counsel where a "speedy trial" motion was pending prior to trial and no Barker v. Wingo hearing was held?

(3) Did the PCR court err in denying petitioner relief on ineffective assistance of counsel claim based on petitioner's constitutional right to a speedy trial under the Sixth Amendment?

(4) Did the PCR court err in denying petitioner relief on ineffective assistance of counsel claim based on petitioner's Fourth and Sixth Amendment rights?

(5) Did the PCR court err in denying petitioner relief on ineffective assistance of counsel claim, where counsel failed to properly investigate the whereabouts of the witnesses?

The State filed a letter in lieu of a formal return and petitioner filed a *pro se* response. On January 22, 2009, the Supreme Court of South Carolina denied the petition for certiorari review after careful consideration of the entire record as required by *Johnson*.

PETITIONER'S GROUNDS FOR RELIEF

Petitioner filed the present habeas petition pursuant to 28 U.S.C.§ 2254 in this court on March 27, 2009, initially raising the following grounds for relief:

(1) Ineffective Assistance of Counsel where counsel misinformed petitioner of an L.W.O.P. Life Without Parole if he went to trial; and not plead. Supporting Facts: After consulting with counsel about pleading options counsel informed petitioner of life with out the possibility of parole. Petitioner not sure of the requirements asked counsel, in a letter form, for advice and further explanations.

(2) Did the PCR err in not finding petitioner's plea was entered involuntarily and unintelligently? Supporting Facts: After being told of possible 10 yrs & 15 yrs plea(s) then the L.W.O.P; as I testified to, there was not enough time to weigh these as options on the day I was expecting to go to trial in which counsel claimed he was ready to proceed with.

(3) Whether PCR court erred in denying relief on ineffective assistance of counsel where petitioner's 4th and 6th Amendments Rights were violated. Supporting Facts: I contending the laws concerning the warrants are and have violated, the diligence of the affiant by falsifying signatures. Thus, petitioner' counsel was ineffective by dismissing this claim rather than preparing for an Dismissal Hearing.

(4) Did PCR err in not granting relief for ineffective assistance of counsel where counsel failed to "properly investigate" the witness(es). Supporting Facts: At time of arrest, I gave the name of witnesses and gave counsel information on how to locate particular witness.

Respondent addressed the following "additional grounds" in an amended return and memorandum:

(5) Did the PCR court err in failing to set forth the requirements set out in the S.C.R.CP. 52(a) and the S.C. Code § 17-27-80 in ruling on each issue properly raised under petitioner's 5th and 14th constitutional rights? Supporting facts: The PCR court did not answer petitioner's claims as presented to the court under the Grounds applied to for relief.

(6) Whether counsel and PCR counsel rendered ineffective assistance of counsel where "Speedy Trial" motion is pending and no Barker v. Wingo hearing held? Supporting

facts: On September 27, 2004, petitioner filed an "Speedy Trial" motion, pro se, that is yet to be heard by the courts.

(7) Did PCR court err in denying petitioner relief on ineffective assistance of counsel based on petitioner's constitutional right to a speedy trial under the Sixth Amendment? Supporting facts: Both counsel and PCR counsel failed to petition or motion the courts for an evidentiary hearing whereby there is an "Speedy trial" motion pending, since September 27, 2004, without being heard.

(8) Did the court (PCR) err in denying relief on ineffective assistance of counsel where petitioner testified to the "cumulative effect" of counsel's representation? Supporting facts: Based on the amount of counsel's actions and lack of actions during his representation, the cumulative effect is obvious.

## STANDARD OF REVIEW

This court's review of the petition is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998). The court deems the petition filed timely.

The facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION OF PETITIONER'S OBJECTIONS

Petitioner enumerates sixteen objections in his memorandum. The court has reviewed the objections under a *de novo* determination and addresses each seriatim.

In his first objection, petitioner alleges the Magistrate Judge failed to consider and rule upon petitioner's objection to Respondent's amended return for allegedly failing to comply with Fed. R. Civ. P. 15. The court finds the amended return was filed in good faith and that permitting its consideration is not futile or prejudicial under Rule 15. Therefore, the court accepts the amended return as filed and overrules petitioner's Objection 1.

In his first objection, petitioner alleges the Magistrate Judge failed to consider and rule upon

5

petitioner's claim that Respondent waived and forfeited a defense to Grounds Five through Eight. Having accept the amended return as filed, the court has decided to evaluate petitioner's claims on their merit. Therefore, the court overrules petitioner's Objection 2.

Petitioner lodges two objections based on the Magistrate Judge's findings with respect to his motion for a speedy trial. In Objection 3, petitioner alleges the Magistrate Judge's recitation of this case's procedural history omits consideration of petitioner's motion for a speedy trial, and in Objection 16, petitioner alleges the Magistrate Judge erred in his determination on the ineffectiveness of counsel in not securing a speedy trial hearing. The court finds these objections to be without merit. Although the Report does not mention petitioner's motion for a speedy trial in the procedural history, the Report addresses the substantive aspect of petitioner's speedy trial motion in the Argument/Findings section. Therefore, the court overrules petitioner's Objection 3.

As to petitioner's allegation that PCR counsel was ineffective because counsel filed a speedy trial motion that was never heard by the state court, the Magistrate Judge suggests dismissal of this ground as well. The ineffectiveness or incompetence of counsel during federal or state PCR proceedings is not a ground for relief in a § 2254 petition. 28 U.S.C. § 2254(I). Additionally, deficiencies in a state PCR proceeding are not cognizable under § 2254. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988); *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998). As the claim pertains to ineffective assistance of counsel, the Magistrate Judge suggests it is barred from federal review for having been procedurally defaulted in State court under *Coleman v. Thompson*, 501 U.S. 722 (1991) and that petitioner has not shown sufficient cause and prejudice to excuse the procedural default.

The United States Supreme Court has set forth a two-prong inquiry when pre-indictment

6

delay is alleged to violate due process. First, the petitioner must show the delay caused substantial actual prejudice to his right to a fair trial. If so, the court then must consider the prosecution's reasons for the delay and balance the justification for the delay with any prejudice to the defendant. If the court finds the delay was an intentional device to gain a tactical advantage over the accused, the court should dismiss the indictment. *Howell v. Barker*, 904 F.2d 889 (4th Cir.1990). Here, the petitioner had failed to show actual substantial prejudice by the delay other than speculation as to any prejudice.

This court agrees that petitioner's claim for ineffective assistance of counsel and the alleged deficiencies during his state PCR proceeding are not properly cognizable under 28 U.S.C. § 2254, and that petitioner has not shown sufficient cause and prejudice to excuse the procedural default. Therefore, Objection 16 is overruled.

Petitioner also lodges several objections based on the Magistrate Judge's refusal to consider the affidavits of family members that petitioner attempts to submit in support of his petition. Specifically, in Objection 4, petitioner alleges the Magistrate Judge incorrectly applied the summary judgment standard in refusing to consider the affidavits; in Objection 8, petitioner alleges the Magistrate Judge improperly refused to consider the affidavits because they were not part of the state court record; in Objection 10, petitioner alleges the Magistrate Judge erred in having found the affidavits to be "new evidence" that were not submitted to the state courts at the appropriate time.

As petitioner has admitted that these affidavits were not presented to the Supreme Court during the appeal of the PCR decision, they may not be considered here. Section 2254(e)(2) provides that a petitioner may not present evidence in a federal habeas proceeding that was not considered by the state court if he "failed to develop the factual basis of a claim in State court

7

proceedings." 28 U.S.C. § 2254(e)(2). Absent proof that petitioner properly attempted to introduce such evidence through his family's affidavits in his state court proceedings, this court is precluded from considering new facts presented for the first time in a federal habeas proceeding. As a result, the Magistrate Judge properly refused to consider the affidavits. Therefore, the court overrules petitioner's Objections 4, 8 and 10.

In Objection 5, petitioner alleges the Magistrate Judge's application of 28 U.S.C. § 2254(d) violates the "Suspension Clause" and Article III of the United States Constitution. Petitioner's Objection 5 is wholly without merit and therefore, the court overrules the same.

In Objection 6, petitioner alleges the Magistrate Judge erred in using a standard of review that the Supreme Court has allegedly found to be incorrect. Petitioner cites no support for his allegation and develops no argument concerning the application of the allegedly erroneously standard. Therefore, the court finds Objection 6 is without merit and therefore, overruled.

In Objection 9, petitioner alleges the Magistrate Judge erred in holding petitioner responsible for filing a Rule 59(e) motion where issues were not addressed in the PCR order. Because alleged defects in state PCR proceedings are not cognizable in a federal habeas action, the Magistrate Judge's ruling was proper. *See, e.g., Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir.1998). Therefore, the court overrules petitioner's Objection 9.

In Objection 10, petitioner alleges the Magistrate Judge erred in deeming his motion for evidentiary hearing moot and in incorrectly applying 28 U.S.C. § 2254(e)(2) to bar the affidavits from federal review. As the Magistrate Judge found, the evidence that petitioner seeks to develop in an evidentiary hearing and by way of his family's affidavits is not new evidence or of the type that "could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Petitioner had ample opportunity to present all of his evidence before the state

courts, and cannot now complain of the state's rulings when he failed to "'fairly present[]' to the state courts the 'substance' of his federal claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Therefore, the court overrules petitioner's Objection 8.

In Objection 12, petitioner alleges the Magistrate Judge erred in deeming his motion to expand the record as "moot." This objection is effectively a repeat of petitioner's contentions in his earlier objections concerning admission of his family's affidavits and his request for an evidentiary hearing. Having found the Magistrate Judge's rulings proper on those issues, the court finds Objection 12 to be without merit as well.

Petitioner lodges two objections based on the Magistrate Judge's findings with respect to his guilty plea. In Objection 7, petitioner alleges the Magistrate Judge incorrectly determined that Ground Two has not been exhausted, and in Objection 13, petitioner alleges the Magistrate Judge erred in finding his plea was voluntary and intelligent.

Petitioner's assertion that the PCR court erred in not finding that his plea was involuntary and unintelligent was not addressed in the PCR Court's order of dismissal and is procedurally barred. Since such Ground was not ruled upon by the PCR court and petitioner did not seek a ruling under SCRCP 59(e), the Magistrate Judge properly concluded that this Ground is barred.

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131,(1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. *Coleman v. Thompson*, 501 U.S. at 750 and *Gary v. Netherland*, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted

claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule ." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray v. Carrier*, 477 U.S. at 488. A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. *Murray v. Carrier; Clozza v. Murray*, 913 F.3d 1092 (4th Cir.1990), *cert. denied*, 499 U.S. 913 (1991); *and Clanton v. Muncy*, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. *Wise v. Williams*, 982 F.2d 142, 145 (4th Cir.1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. *Hoke v. Netherland*, 92 F.3d 1350, 1354 n. 1 (4th Cir.1996). Further, the claim of cause must itself be exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. *Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir.1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual

innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir.1997).

Petitioner has failed to show actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. *See Wainwright v. Sykes,* 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent")(citing *Murray v. Carrier*, 477 U.S. at 496)). Although petitioner makes conclusory allegations as to a miscarriage of justice, to prevail under an "actual innocence" theory, petitioner must produce new evidence that was not available at trial to show his factual innocence. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir.1999).

Petitioner decided to enter a "straight-up plea." (Tr. 6–7). Petitioner stated on the record that he had had enough time to discuss the case with his attorney Mr. Hart and was satisfied with his representation. After the court reviewed his constitutional rights to trial on each of the charges, his right to confront witnesses, and his right to remain silent, the court asked petitioner if he still wished to plea guilty and give up his rights, to which petitioner said he did. His attorney even interrupted the proceedings at one point and stated "Before you go to the facts and accept his guilty plea, I just want to make clear for the record, that I've talked extensively with Mr. Singleton. Of course, we're here for trial. I've explained to him in detail that he has a right to a jury trial and nobody can make him continue to go through with this plea or make him plead guilty. It has to be a choice that he makes on his own." (*Id.* at p. 11). The court continued: "That is correct. And you understand that Mr. Singleton?" Petitioner responded, "Yes, sir." (*Id.* at p. 11–12). The prosecutor proffered the evidence against petitioner, including victim impact testimony by the individuals that petitioner

11

allegedly pistol whipped, ordered to the ground, kicked in the ribs and face, and robbed before his gun malfunctioned while he was pistol whipping the victims. The prosecutor stated that officers investigated the crime scene, and ultimately found their way to petitioner's trailer, where they *Terry* frisked him and found a bracelet in his pocket that belonged to one of the victims. The police also collected physical evidence, including petitioner's blood in the victims' apartment, and a mixture of the petitioner's blood and one of the victim's blood on the bracelet in petitioner's pocket. *Id.* at 12–27.

After the victims testified, Mr. Hart stated: "Your Honor, Mr. Singleton and I have talked extensively about this. We've talked about his constitutional rights. We've talked about the evidence. We've talked about the burden of proof that the government has. He's been in jail for quite some time, since May of 2004. Since that time he's told me and I've seen the difference, Your Honor. He's had time to reflect on his actions, what took place that night and which should not have taken place that night. He's expressed to me – and I can see it in him – that he's accepted responsibility for his actions, and this is something that he would like to put behind him and also put behind the people that were impacted by this, Your Honor." *Id.* at 30. Petitioner next addressed the Court and stated: "I first and foremost would like to say that I apologize for my actions and my role. I'm pleading guilty freely. And, Your Honor, since I've been incarcerated almost 2 years, I mean, you know, I have changed and I have clearly time to reflect and I have reflected on the action that I took. I'm pleading guilty here. I apologize to the victims, the Court, myself I embarrass – I made a mockery of myself as well as my victims and all our families. And saying that, I just apologize." *Id.* at 33–34.

Having reviewed the record, the court finds that petitioner has provided no evidence to "demonstrate actual factual innocence of the offense or conviction; *i.e.*, that petitioner did not

commit the crime of which he was convicted." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir.1999). Therefore, the court dismisses Ground 2 and overrules Objections 7 and 13.

In Objection 14, petitioner generically claims that the Magistrate Judge applied an inappropriate analysis of prejudice in determining the ineffective assistance of counsel claim. The court finds this objection to be without merit. The court is not obligated to conduct a *de novo* review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court has addressed each of the specific ineffective assistance of counsel claims *supra*, and petitioner does not show how the Magistrate Judge's *Strickland* analysis is allegedly deficient. Therefore, the court overrules petitioner's Objection 3.

Petitioner's Objection 15 overlaps the specific objections above that claim that the Magistrate Judge erred in procedurally-barring Grounds Two, Six and Seven. For the reasons above, the court overrules this objection.

CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation [dkt. # 50] to be proper and adopts and incorporates the Report herein by reference. The respondents' motion for summary judgment [dkt. #24] is hereby granted, all of petitioner's objections are overruled, petitioner's motion for summary judgment [dkt. # 42] is denied, the motions to expand the record [dkt. # 40 and 57] are denied and the motions for an evidentiary hearing [dkt. # 43 and #56] are denied.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States

District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

    IT IS SO ORDERED.

March 31, 2010                                               Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge